No. 05-596

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 201N

DIAMOND CROSS PROPERTIES, LLC,

        Plaintiff and Appellant,

   v.

STATE OF MONTANA, DEPARTMENT OF
ENVIRONMENTAL QUALITY, MONTANA BOARD
OF OIL AND GAS CONSERVATION, DEPARTMENT
OF NATURAL RESOURCES AND CONSERVATION,

        Defendants and Respondents,

POWDER RIVER GAS, LLC, and
PINNACLE RESOURCES, INC.,

        Defendants, Respondents and Cross-Appellants.

APPEAL FROM:    The District Court of the Twenty-Second Judicial District,
                In and For the County of Big Horn, Cause No. DV 2005-27,
                Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Loren J. O'Toole II, Plentywood, Montana

        For Respondents:

            Norman C. Peterson, Assistant Attorney General, Helena, Montana;
            Donald A. Garrity, Attorney at Law, Helena, Montana (BOGC)

            Tim D. Hall, Special Assistant Attorney General, Helena, Montana
            (DNRC)

            Claudia L. Massman, Special Assistant Attorney General; Helena,
            Montana (DEQ)

            Chris Mangen and Scotti M. Shingleton, Crowley Law Firm, Billings,
            Montana (Powder River and Pinnacle)

                            Submitted on Briefs:  March 18, 2006
                                   Decided:  August 22, 2006

Filed:

_____
                     Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 Powder River Gas and Pinnacle Resources ("Pinnacle"), seeking to extract coal-bed methane pursuant to oil and gas leases, applied to the Montana Board of Oil and Gas Conservation ("BOGC") for approval of a Plan of Development ("Coal Creek POD") to drill wells in Big Horn County. On April 28, 2005, BOGC issued an order approving the Coal Creek POD, "subject to completion of an environmental assessment."

¶3 On April 29, 2005, Diamond Cross filed suit alleging that Powder River Gas's and Pinnacle's planned extraction of coal bed methane violates its constitutional right to a clean and healthful environment. Specifically, Diamond Cross alleged that BOGC's approval of the Coal Creek POD, which allows Pinnacle to remove groundwater from beneath its property, infringes its constitutional rights. Diamond Cross filed an application for a temporary restraining order and a preliminary injunction.

¶4 We take judicial notice of the fact (asserted by Diamond Cross and not disputed by the respondents) that BOGC subsequently completed an Environmental Assessment for the Coal Creek POD. On August 19, 2005, BOGC issued a Finding of No Significant Impact and Notice of Decision ("FONSI"), terminating the agency's environmental

2

review of the project, and finalizing its approval of the Coal Creek POD. The FONSI indicates that "drilling permits . . . will be approved in the ordinary course of business following this decision." The record does not indicate that Diamond Cross alerted the District Court that BOGC had issued the FONSI.

¶5 On August 26, 2005, the District Court denied Diamond Cross's application for a temporary restraining order and preliminary injunction. The court reasoned that the Coal Creek POD authorizes Pinnacle to extract methane (and groundwater) only upon completion of an Environmental Assessment. Because BOGC had not completed the Environmental Assessment, the court concluded it had not reached a reviewable "final administrative decision" and Diamond Cross's application for a temporary restraining order and preliminary injunction was not ripe.

¶6 Section 82-11-144, MCA, provides that a person "adversely affected by . . . any rule or order adopted by the board . . . may obtain court review and seek relief by a suit for an injunction . . . ." Although BOGC issued an order conditionally approving the Coal Creek POD on April 28, 2005, this order was not ultimately "adopted" by the BOGC until August 19, 2005, when the BOGC issued its FONSI. Prior to completing an Environmental Assessment, the BOGC could not issue drilling permits to Pinnacle; thus, Diamond Cross was not "adversely affected" until BOGC completed the Environmental Assessment and issued the FONSI, enabling approval of drilling permits.

¶7 According to the record before it, the District Court properly determined that the BOGC had not taken final, reviewable action and denied Diamond Cross's request for an

3

injunction without prejudice for want of ripeness. Nevertheless, a week before the District Court issued its order, the BOGC did, in fact, issue the FONSI, rendering its approval of the Coal Creek POD reviewable. Because Diamond Cross's request for a preliminary injunction and temporary restraining order has actually ripened, we remand to the District Court for a ruling on the merits.

¶8 We remand and instruct the District Court to reach the merits of Diamond Cross's application for a temporary restraining order and preliminary injunction.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE